UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREG EDWARDS                                                                CIVIL ACTION

VERSUS                                                                             NUMBER: 14-1934

ROWAN COMPANIES, INC.                                              SECTION: "C"(5)

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment to Dismiss Wage Claim filed by Defendant, Rowan Companies, Inc. ("Rowan"). (Rec. doc. 86). Plaintiff, Greg Edwards ("Edwards"), opposes the motion. (Rec. doc. 87). After Edwards filed his opposition memorandum, Rowan sought and was granted leave to file a supplemental memorandum in support of its motion. (Rec. doc. 90). Upon review of the pleadings and exhibits thereto, the Court has determined that oral argument is unnecessary.

**A. The Basis of the Motion**

This is a maritime personal-injury suit in which Edwards seeks damages arising from a knee injury he claims to have sustained as a Rowan employee aboard the Rowan vessel, HANK BOSWELL. (Rec. doc. 87 at p. 1). As a result of that injury, Plaintiff underwent right knee-replacement surgery on March 6, 2013. (*Id.* at p. 2).[1] In September 2013, Edwards underwent a functional capacity examination ("FCE") to determine what, if any, physical limitations he might have that could be associated with his knee surgery. (Rec. doc. 87-2). That FCE indicated certain limitations associated with Plaintiff's knee injury, including:

---

[1] The record indicates that Edwards had previously undergone surgery to his right knee that was unrelated to the subject accident. (Rec. doc. 86-2).

> Activities limited to an Occasional basis: stairs, ladders, and low level work. The client is unable to do Upper Level balance activities, squatting with his R leg, and crawling with his R leg. Dynamic standing is limited to 30 minutes continuously and 4 hours daily.

(*Id.* at p. 23).

In early 2014, Edwards began experiencing neck pain that he apparently attributed to waking up with a "crick" in his neck. (Rec. doc. 86-3 at p. 6). He does not attribute any neck injury to his accident on the Rowan vessel. (*Id.* at p. 7). Edwards eventually underwent a cervical fusion in May 2014. It is this surgery, and the alleged restrictions arising from it, that form the basis of the present motion.

Rowan's argument that Edwards' wage claim should be dismissed in this case can be summed up by this passage from its brief:

> Dr. Felix [who performed Edwards' neck surgery] testified in his trial deposition that . . . as the result of the plaintiff's cervical injury and surgery, he should avoid any activities which require him to lift 50-75 lbs. on a repetitive basis. Rowan requires its Crane Operators and Assistant Drillers to be able to regularly lift 100 lbs or more. The defendant submits that the limitations placed on the plaintiff by Dr. Felix preclude him from meeting Rowan's job requirements for an Assistant Driller or Crane Operator.

(Rec. doc. 86-1 at p. 4).

Rowan argues that, because Edward's neck surgeon restricted him from work that is required of its crane operators and assistant drillers, his neck surgery is a "superseding event" that should relieve it of any liability for future wage loss resulting from his accident on board the HANK BOSWELL. (Rec. doc. 90 at p. 1).

Edwards counters with a number of arguments. First, he cites evidence and testimony he says establishes that he was <u>already</u> under such restrictions as a result of his

2

knee surgery when he first reported the neck pain that eventually led to his cervical fusion. (Rec. doc. 87 at p. 3 (citing the September 2013 FCE discussed above)). Because the neck surgery occurred after the knee surgery and while Edwards was already unable to do the work required of Rowan's crane operators and assistant drillers, the argument goes, any restrictions arising from the latter surgery are irrelevant to his knee-related wage claim. (*Id.*).

Second, Edwards argues that, despite Rowan's selective citation of Dr. Felix's testimony, he is actually under no restrictions as a result of his neck surgery and is experiencing no pain or other symptoms from that procedure. (*Id.*). He characterizes Dr. Felix's testimony that is relied upon by Rowan as in the nature of "general cautions that he gives to patients who have undergone a surgery similar to plaintiff," not actual restrictions placed upon Edwards specifically (*Id.*). Indeed, Edwards points to his own deposition testimony that he was placed on restriction for only four months post-fusion and that he was under no fusion-related restrictions at the time of his deposition in November 2014. (*Id.*). Accordingly, he argues, there is a substantial dispute whether he is under <u>any</u> restriction as a result of his neck surgery, much less one that would render him unable to do the work required of Rowan's crane operators and assistant drillers.

Finally, citing the testimony of Thomas Meunier, who conducted the September 2013 FCE, Edwards argues that the restrictions that prevent him from returning to his prior work arise from his knee surgery, not his cervical fusion. (Rec. doc. 87 at pp. 6-8).

In its reply memorandum,[2] Rowan puts a finer point on its initial argument, citing the "superseding cause doctrine" to suggest that Edwards' knee injury (which is the subject

---

[2] The reply memorandum was actually styled a "supplemental memorandum in support." (Rec. doc. 90).

3

of this litigation) is "irrelevant to defendant's argument that the plaintiff's subsequent cervical injury has disabled him from returning to work with Rowan." (Rec. doc. 90 at p. 1). It also responds to Edwards' arguments by suggesting that Mr. Meunier "clearly testified that the plaintiff's cervical injury has disabled him from returning to offshore type work." (*Id.* at p. 3).

### B. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law identifies the facts in a case that are "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of genuine issue of material fact." *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-movant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions or only a scintilla of evidence." *Warfield v. Bryon*, 436 F.3d 551, 557 (5th Cir. 2006)(quoting *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)). If the non-movant bears the burden of proof at trial, the movant on motion for

summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990).

**C. Analysis**

As noted above, in its reply memorandum, Rowan argues that Edwards' knee injury, which is at the very center of this case, is somehow irrelevant to this motion for partial summary judgment. On the record before the Court, it is simply not possible to make that inferential leap.

There is a fundamental flaw in Rowan's position that the summary dismissal of Edwards' wage claim is required here and it is best reflected in a passage at the end of Rowan's reply brief, in which Mr. Meunier's testimony is cited:

> Q. And from a vocational standpoint, the cervical injury alone **with those accompanying restrictions** (no lifting 50-75 lbs on a regular basis) **would** prevent him from going to work offshore irrespective of any other medical issues that he has?
>
> A. Correct.

(Rec. doc. 90 at p. 3)(emphasis added).

From this testimony, Rowan concludes: "Thus, contrary to plaintiff's argument, his own vocational rehabilitation expert testified that his cervical injury 'alone' **has** disabled him from returning to 'offshore' type work." (*Id.*)(emphasis added). It is not at all clear to the Court that the expert has so testified.

There is a world of difference – in this case at least – between the words "would" and "has." The difference is particularly stark here, where Edwards advances the dual arguments that: (1) he did not suffer a cervical injury "alone" and (2) the "accompanying

5


restrictions" referenced in the question posed to Dr. Felix lasted only four months and are no longer in place. In making these arguments, Edwards cites to the deposition testimony of Dr. Felix and Mr. Meunier, as well as his own, and also cites and attaches as an exhibit the September 2013 FCE conducted by Meunier. Edwards has more than met his burden here of producing evidence of the existence of genuine issues of fact. *See Smith v. Florida Marine Transporters, Inc.*, No. 11-CV-1224, 2011 WL 2580625 at *1 (E.D. La. June 29, 2011)(citing *Celotex,* 477 U.S. at 323).

It may be that Rowan can prove at trial that Edwards' neck surgery was indeed a superseding cause that relieves it of liability for any future wage loss. However, on the present record it is also plainly possible that Edwards could prevail on this issue. This is the definition of a genuine issue of material fact: "A genuine issue of material fact exists if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

On the record before the Court, then, the motion is hereby DENIED.

New Orleans, Louisiana, this 25th day of August, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE